FILED

99 FEB 22 PM 3:37

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

FEB 22 1999

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EMERY RAY ROSSER, | } | |
| Plaintiff, | } | |
| v. | } | CIVIL ACTION NO. |
| CITY OF BIRMINGHAM, et al, | } | 97 AR-2985-S |
| Defendants. | } | |

**MEMORANDUM OPINION**

Presently before the court are two motions for summary judgment filed by defendants in the above entitled case. For the reasons stated herein, both motions are due to be granted.

Plaintiff, Emery Ray Rosser ("Rosser"), is a *pro se* litigant in this suit against various public officials. Rosser claims that defendants violated his constitutional rights by falsely arresting him. Rosser also appears to allege that he is the victim of invidious discrimination against homeless and indigent persons, and that such discrimination violates the Equal Protection Clause. On September 28, 1998, this court dismissed Rosser's claims against Mayor Richard Arrington, Judge Aloysius Golden, Police Chief Johnny Johnson, Magistrate Rita Hall, and Thomas Bentley.

On January 12, 1999, Magistrate Judge John Ott held a status conference for the remaining parties. Rosser did not appear at that conference, nor did he contact the court to explain his absence. Judge Ott's subsequent order entered on January 13, 1999 noted that a December





30 order notifying the parties of the upcoming conference had been mailed to Rosser at his last known address and had not been returned. The January 13 order noted that Rosser has not filed anything with the court since April 10, 1998 and informed Rosser that unless he responded to the order within two weeks, the action could be dismissed for want of prosecution. Rosser did not respond.

A motion for summary judgment was filed by defendant, "Gary of Heads Custom Interiors" ("Gary"), on January 22, 1999. Officers Majors and Plemmons of the Birmingham Police Department and the City of Birmingham filed a motion for summary judgment on January 25. On January 27, this court issued an order notifying Rosser that he must respond to defendants' motions by 9:00 a.m. on February 19, 1999, when the motions would be heard at the court's regular motion docket. That order set forth the requirements for a response to a Rule 56 motion and contained an attached explanation of the Rule. Rosser has filed nothing in response to defendants' motions, nor did he appear in court on February 19 to oppose the motion.

Because Rosser has utterly failed to create a genuine issue of material fact, the motions for summary judgment are due to be granted. An appropriate order granting the motions and dismissing the action will be separately entered.

DONE this 22nd day of February, 1999.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE